NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALKIT SINGH,<br><br>          Plaintiff,<br><br>v.<br><br>DIESEL TRANSPORTATION, LLC, *et al.*,<br><br>          Defendants. | Civil Action No.: 15-7930 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES**, District Judge.

This matter comes before the Court by way of an unopposed Motion to Dismiss (ECF No. 6) and an unopposed Motion for Sanctions (ECF No. 7) filed by Defendants Diesel Transportation, LLC and Kwaku A. Menu (the "Moving Defendants"). These Motions were filed on January 11, 2016, and Plaintiff's opposition to same was due by February 2, 2016. On February 12, 2016—more than a week after Plaintiff's opposition was due—the undersigned received an email from Plaintiff's counsel seeking an adjournment of the pending Motions. (ECF No. 8). The Court granted Plaintiff's request, and informed Plaintiff that his "opposition is due no later than March 7, 2016." (Id.). For the second time, Plaintiff has failed to comply with the filing deadline. The Court declines to permit Plaintiff's failure to oppose to delay the resolution of the pending Motions any longer.

Accordingly, the Court has reviewed the papers submitted by the Moving Defendants in support of their pending Motions, and for the reasons stated below, this Court grants the Moving Defendants' Motions for Dismissal and Sanctions.

**A. Plaintiff's Complaint is Dismissed for Lack of Subject Matter Jurisdiction**

1

The Moving Defendants seek dismissal for lack of subject matter jurisdiction and lack of personal jurisdiction. (ECF No. 6, "Defs.' MTD Br.").[1] Specifically, the Moving Defendants argue that this Court lacks subject matter jurisdiction over the instant matter because, based upon a cursory reading of Plaintiff's Complaint, there is not complete diversity between the parties sufficient for this Court to exercise diversity jurisdiction. (Id. at 1-3). The Court agrees.

On November 5, 2015, Plaintiff filed the instant action before this Court, alleging claims of negligence and respondeat superior against all Defendants, resulting from injuries that he sustained in a trucking accident which occurred in Nebraska on May 27, 2014. (ECF No. 1, Complaint, "Compl."). The Complaint alleges that this Court has jurisdiction under 28 U.S.C. § 1332, the diversity statute. (Id. ¶ 8). This federal statute "gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting 28 U.S.C. § 1332).

The Complaint states that "Plaintiff, Malkit Singh is a resident of Hudson County, in the State of New Jersey." (Compl. ¶ 2). The Complaint also alleges that Defendants Malhi Trucking Inc. and Avtar Singh are residents of Jersey City, New Jersey. (Id. ¶¶ 5-6). The Court further notes that Plaintiff has not alleged any other basis for federal jurisdiction over this matter. Nor does it appear from the face of the Complaint, which alleges only negligence and respondeat superior liability, that Plaintiff has attempted to assert "federal question jurisdiction" under 28 U.S.C. § 1331.

---

[1] As the Court does not have subject matter jurisdiction over this matter, it need not consider the Moving Defendants' additional argument for dismissal—namely, that this Court also lacks personal jurisdiction over the Moving Defendants.

2

"For over two hundred years, the [diversity jurisdiction] statute has been understood as requiring 'complete diversity between all plaintiffs and all defendants.'" *Lincoln Ben. Life. Co.*, 800 F.3d at 104. "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, Plaintiff has alleged that he and two Defendants reside in New Jersey, therefore negating any grounds for diversity jurisdiction. Accordingly, the Court will grant the Moving Defendants' Motion to Dismiss the Complaint for lack of subject matter jurisdiction.

### B. Plaintiff's Counsel Shall be Liable to Defendants for Sanctions

The Moving Defendants also filed a Motion for Sanctions under Federal Rule of Civil Procedure 11 as against Plaintiff and Plaintiff's attorney, Ms. Yana Rubin, Esq. (ECF No. 7, "Defs.' Sanctions Mot."). The Moving Defendants explain that, prior to filing their motions seeking dismissal and sanctions, counsel contacted Plaintiff's counsel to highlight the fact that this Court clearly lacked subject matter jurisdiction over this action. (Id. at 2-3, citing Declaration of Jared P. DuVoisin, Esq., Moving Defendants' Attorney, "DuVoisin Decl." ¶¶ 5-6). In addition to explaining the jurisdictional deficiencies to Plaintiff's counsel during a phone conversation, Defense counsel emailed a letter to Ms. Rubin detailing the Moving Defendants' position as to this Court's lack of subject matter jurisdiction. (DuVoisin Decl. ¶¶ 5-6, Ex. A).

Despite having the benefit of advance notice from Defense counsel as to the jurisdictional defects that are evident upon a plain reading of the Complaint, Plaintiff's counsel has neither responded to Defense counsel nor withdrawn the Complaint to refile in an appropriate jurisdiction.

Federal Rule of Civil Procedure 11 provides, in pertinent part, that:

> By representing to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented

3

> party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b).

Thus, Rule 11 "imposes a duty on counsel to make an inquiry into both the facts and the law which is 'reasonable under the circumstances'" prior to filing a Complaint. *Zuk v. Eastern Penn. Psych. Inst. of the Medical College of Penn.*, 103 F.3d 294, 299 (3d Cir. 1996). The Court finds that Plaintiff's counsel failed to make the appropriate inquiry into the law of diversity jurisdiction prior to filing the instant Complaint on Plaintiff's behalf.

As discussed above, the jurisdictional defect here—namely, the lack of complete diversity—was apparent from a plain reading of the Complaint. The Court finds that the obviousness of this error of law, in conjunction with Plaintiff's counsel's failure to withdraw the Complaint even after being appraised of its deficiencies by Defense counsel, as well as Plaintiff's counsel repeated failure to oppose the pending Motions, necessitate the "fashioning [of] sanction[s] adequate to deter undesirable future conduct." *DiPaolo v. Moran*, 407 F.3d 140, 146 (3d Cir. 2005); *see also Cohen v. Kurtzman*, 45 F. Supp. 2d 423 (D.N.J. 1999) (Lechner, J.) (granting defendants' motion for sanctions based upon a complaint that improperly alleged diversity jurisdiction where "[plaintiff] and his counsel clearly failed to perform even a modicum of legal research into diversity jurisdiction as it relates to the naming of a partnership as a party to an action" and where plaintiff and his attorney disregarded defense counsel's suggestion that they withdraw the complaint in light of the jurisdictional deficiencies).

Accordingly, the Court will grant the Moving Defendants' unopposed Motion for Sanctions as against Plaintiff's counsel,[2] and will award the Moving Defendants "reasonable counsel fees and costs incurred in preparing their motion to dismiss." (Defs.' Sanct. Mot. at 5).

For the reasons stated above,

IT IS on this ___8___ day of March, 2016

**ORDERED** that the Moving Defendants' motion to dismiss for lack of subject matter jurisdiction (ECF No. 6) is hereby GRANTED; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is hereby DISMISSED for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Moving Defendants' motion for sanctions (ECF No. 7) is hereby GRANTED; and it is further

**ORDERED** that Plaintiff's counsel, Yana Rubin, Esq., is hereby liable to the Moving Defendants for reasonable counsel fees and costs incurred in preparing the Motion to Dismiss; and it is further

**ORDERED** that the Moving Defendants are hereby directed to submit a certification and proof of attorneys' fees and costs to this Court and to Plaintiff's counsel by March 15, 2016; and it is further

**ORDERED** that Plaintiff's counsel may challenge the content of the certification submitted by the Moving Defendants by submitting any opposition thereto no later than March 22, 2016; and it is further

**ORDERED** that after the resolution on the issue of the amount of attorney's fees and costs to which the Moving Defendants are owed, the Court will direct the Clerk of Court to close this matter.

IT IS SO ORDERED.

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

---

[2] The Moving Defendants seek costs and fees as against both Plaintiff and Plaintiff's attorney; however, Rule 11(c)(5)(A) precludes the imposition of monetary sanctions "against a represented party for violating Rule 11(b)(2)." Therefore, the Court imposes sanctions only against Plaintiff's attorney, Ms. Yana.

5